FILED
SUPERIOR COURT
OF GUAM

2018 FEB 26 PM 2:49

CLERK OF COURT

By

# IN THE SUPERIOR COURT
## OF GUAM

|  |  |
|---|---|
| RAY J. AFLAGUE,<br><br>Plaintiff,<br><br>vs.<br><br>JANE DORIS AFLAGUE MOYLAN, PILAR MARIE AFLAGUE CRUZ, MARILYN CONSTANCE AFLAGUE, NORMA JEAN AFLAGUE, FREDDIE DAVID AFLAGUE, CHRISTINE AFLAGUE EVANGELISTA, JOHN K. AFLAGUE, JENNIFER AFLAGUE RABAGO, MONICA JANE AFLAGUE, ERMINIA MARIE CRISOSTOMO AFLAGUE, ELIZABETH IGLESIAS AFLAGUE, and MARIE MESA CRUZ,<br><br>Defendants. | Case No. CV0570-10<br><br><br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

## INTRODUCTION

This matter came before the Honorable Michael J. Bordallo for a bench trial on July 7, 2017. Attorney F. Randall Cunliffe represents Plaintiff Ray J. Aflague. Attorney Michael J. Berman represents Defendants Freddie D. Aflague and Erminia M. Aflague. Attorney Gary Gumataotao represents Defendant Estate of Jane Doris Aflague Moylan.[1] After considering the evidence presented at the bench trial, record, and applicable law, the Court issues the following Findings of Fact and Conclusions of Law.

## BACKGROUND

This matter arises out of Plaintiff Ray J. Aflague's ("Plaintiff") Complaint to Quiet Title filed on April 9, 2010. Self-represented Defendant Marilyn Constance Aflague filed an Answer on May 6, 2010. Defendant Jane D. Moylan filed an Answer and Counterclaim on May 28, 2010. On June 15, 2010, Plaintiff filed a Motion to Dismiss Defendant Moylan's Counterclaim. The Court denied the motion on October 7, 2010.

On September 19, 2012, Defendant Moylan filed a Motion for Summary Judgment. Defendant Moylan argued that the lots at issue[2] should have been transferred to the Estate of Fred L.G. Aflague, and not to Plaintiff, because the 1983 quitclaim deed did not convey an after-acquired interest in the lots. On May 6, 2013, the Court granted Defendant Moylan's Motion for Summary Judgment. The Court held that the 1983 quitclaim deed did not grant a future interest or after-acquired interest in the lots conveyed. While granting summary judgment on the effect and interpretation of the 1983 quitclaim deed, the Court determined that Defendants were not automatically entitled to summary judgment on the merits of the quiet title action. On January 26, 2015, Defendant Moylan filed a Motion to Join Indispensable Parties seeking to join the Guam Ancestral Lands Commission and the Department of Land Management. The Court denied the motion on May 19, 2015 reasoning that Defendant Moylan failed to demonstrate that relief could not be accorded in the absence of the proposed parties.

On July 7, 2017, the parties presented evidence at the bench trial. The Court ordered the parties to submit proposed Findings of Fact and Conclusions of Law. On August 18, 2017,

---

[1] On November 17, 2015, the Court accepted the parties' stipulation to substitute the Estate of Jane Doris Aflague Moylan for Jane Doris Aflague Moylan following her passing. Richard Moylan is the Administrator for the Estate.

both parties filed proposed Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

By a preponderance of the evidence, the Court makes the following findings of fact:

1. Fred L.G. Aflague was the owner of Lots 5031 and 5032, Ucudo, Dededo, Guam.

2. On June 28, 1950, the U.S. Government filed a Declaration of Taking, and took the lots at issue from Fred Aflague.

3. On October 22, 1983, Fred Aflague executed a quitclaim deed to Plaintiff Ray Aflague for the lots at issue after Plaintiff requested Fred Aflague to do so. Plaintiff is the son of Fred Aflague. Plaintiff made this request with the knowledge that Fred Aflague was leaving Guam for an extended period of time.

4. At the time of the conveyance, Plaintiff did not handle any of Fred Aflague's business transactions or finances, or receive any requests for advice. Plaintiff also did not manage any of Fred Aflague's other properties.

5. Plaintiff recorded the deeds at the Department of Land Management on July 6, 1987.

6. On April 7, 1998, the Government of Guam conveyed a Grant of Contingent Future Interest to Plaintiff.

7. On October 2, 2002, the U.S. Government issued a quitclaim deed to the Government of Guam for the purpose of returning lands it previously took in 1950, including the lots at issue.

[2] The lots at issue are Lot Nos. 5031 and 5032, Ucudo, Dededo, Guam, containing approximately 50,000 square meters and 20,000 square meters respectively.

8. On November 4, 2002, the Government of Guam conveyed the lots at issue to the Guam Ancestral Land Commission ("GALC"). On June 9, 2003, the Government of Guam issued a Correction Deed with respect to the returned lands to the GALC.

9. On February 25, 2002, Plaintiff filed applications for return of the lots at issue with the GALC.

10. On November 26, 2003, the GALC issued a Final Written Decision and Order determining that Plaintiff was the Ancestral Landowner of Lot 5032.

11. On December 9, 2003, the GALC executed a quitclaim deed to Plaintiff for Lot 5032.

12. On December 12, 2003, the GALC issued a Final Written Decision and Order determining that Plaintiff was the Ancestral Landowner of Lot 5031.

13. On December 22, 2003, the GALC executed a quitclaim deed to Plaintiff for Lot 5031.

14. The Government of Guam issued Certificates of Title to Lots 5031 and 5032 to Plaintiff on October 13, 2004.

## CONCLUSIONS OF LAW

Based on the above Findings of Fact, the Court makes the following Conclusions of Law.

### Law of the Case Doctrine

"Under the law of the case doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court." People v. Katzuta, 2016 Guam 25 ¶ 73 (quoting People v. Orallo, 2006 Guam 8 ¶ 5) (internal citations omitted). Further, the court's decisions based on a rule of law "should continue to govern the same issues in subsequent stages in the same case." Id. Thus, rulings made by the court are the law of the case

and are binding in later proceedings. See People v. Gutierrez, 2005 Guam 19 ¶ 37 (citing People v. Hualde, 1999 Guam 3 ¶ 13).

The Court previously determined the effect and interpretation of the 1983 quitclaim deed from Fred Aflague to Plaintiff. The Court found that Fred Aflague transferred only the rights he possessed at the time of conveyance, and that any interest he acquired afterwards was not transferred through the 1983 quitclaim deed. Dec. & Order 7 (May 6, 2013). Thus, the Court has already decided the effect and interpretation of the 1983 quitclaim deed, and this decision is the law of the case. Accordingly, the Court will not reconsider the issue. However, the Court stated in the May 2013 Decision and Order that a remaining issue in this matter is who holds superior title to the lots at issue.

**Superior Title**

A person who holds sound title to property has an interest superior to the interest claimed by another who never acquired an interest in the property despite receiving and recording a quitclaim deed to that property. See Richards v. Tibaldi, 726 N.W.2d 770, 782 (Ct. App. MI 2006). If a grantee acquired title through a quitclaim deed to property which the grantor did not have an interest in at the time of conveyance, the grantee acquires no rights or title relative to that property. Id. at 781. Thus, if another person subsequently receives title to the property from a grantor who in fact has an interest, that person holds an interest superior to that of a different person with no interest.

In this case, the U.S. Government was the only party with an interest in the lots at issue in October 1983. When Fred Aflague conveyed the quitclaim deed to Plaintiff on October 22, 1983, he transferred only the interests he had at that time, which was no interest. Consequently, Plaintiff received no interest in the lots at issue. In December 2003, the GALC

held a real interest in the lots at issue. When it conveyed the lots at issue to Plaintiff through quitclaim deeds in December 2003, Plaintiff received a real interest. As the Court has held, Plaintiff did not receive an interest in 1983; thus, the only interest he received was in 2003 from the GALC quitclaim deed, which Plaintiff admits was based on the 1983 quitclaim deed from his father. Accordingly, the Court concludes that the 2003 quitclaim deed from the GALC to Plaintiff conveyed to Plaintiff the superior interest and title to the lots at issue.

The Court finds it important to clarify that the validity of the application process with the GALC is not an issue before the Court. The basis of Plaintiff's Complaint is the 1983 quitclaim deed from his father, and Plaintiff concedes that the 2003 deed from the GALC was based on the 1983 quitclaim deed. While it appears that the GALC's decision to grant Plaintiff a quitclaim deed to the lots at issue was erroneously based on a deed that conveyed no true interest to Plaintiff, the Court is without jurisdiction to make such a determination. Defendants did not file a cross-claim against GALC or the Department of Land Management, and Defendant Moylan failed in her attempt to join them as indispensable parties. Further, the Court is without any evidence with respect to the process conducted by the GALC. Accordingly, the issue of validity of the GALC's decision to convey quitclaim deeds to Plaintiff in 2003 is not before this Court, and the Court cannot consider it. The Court declines to quiet title in Plaintiff at this juncture because the validity of the 2003 quitclaim deed from the GALC cannot be determined. However, the Court also declines to quiet title in the Defendants because they have not presented to the Court a deed to the property that would entitle them to quiet title.

## Undue Influence

The District Court of Guam has explained that "a presumption of undue influence arises upon a showing that the beneficiary (1) had a confidential relationship with the decedent (2) was active in procuring the will and (3) unduly profited from it." In Matter of Estate of Borja, No. CV96-00044A, 1997 WL208982, at *4 (D. Guam 1997) (citing Estate of Sarabia, 270 Cal.Rptr. 560, 561 (Ct. App. 1990)). With respect to the first prong, the court further explained

> [w]hile consanguinity alone does not establish a confidential relationship, the father-daughter relationship, coupled with the evidence that Appellant took care of most of her father's paperwork, provided transportation when her father required it, and generally looked after his well-being establish that such a relationship existed between Appellant and her father.

Id. at fn. 8 (citing Estate of Llewellyn, 189 P.2d 822, 838 (Cal. Dist. Ct. App. 1948)).

In this case, while the evidence shows that Plaintiff made an active request for the lots at issue, the 1983 quitclaim deed did not convey a real interest to Plaintiff. Assuming *arguendo* that it did, however, the Court has received no evidence that Plaintiff shared a confidential relationship with Fred Aflague. At the time of the 1983 quitclaim deed, Plaintiff did not handle any of Fred Aflague's business transaction. Further, Plaintiff did not manage Fred Aflague's finances or other properties. The Court previously determined that Defendant/Counterclaimant Moylan did not assert sufficient facts to support a finding of undue influence. Dec. & Order at 8 (Feb. 2, 2016). The Court reaffirms that determination because no new facts or evidence have been presented to raise the presumption of undue influence. Accordingly, the Court concludes that Plaintiff did not exercise undue influence over Fred Aflague.

\\

\\

# CONCLUSION AND ORDER

For the reasons set forth above, and based on the narrow claims raised in the Complaint and Counterclaim, the Court holds that neither party is entitled to quiet title to Lots 5031 and 5032 Ucudo, Dededo, Guam.

SO ORDERED, this _26_ day of _Feb_ 2018.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
Cunliffe, M Berman
G Gumataotao
Date: 2-26.18 Time: 3PM
Jerimie K.C. James
Deputy Clerk, Superior Court of Guam